1  SO. CAL. EQUAL ACCESS GROUP
   Jason Yoon (SBN 306137)
2  Jason J. Kim (SBN 190246)
   101 S. Western Ave., Second Floor
3  Los Angeles, CA 90004
   Telephone: (213) 252-8008
4  Facsimile:  (213) 252-8009
   scalequalaccess@yahoo.com
5
   Attorneys for Plaintiff
6  JIN LEE

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  JIN LEE,                                | **Case No.:**

12           Plaintiff,                     | COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR VIOLATION OF:

13       vs.

14  CRYSTAL BAKERY INC.; CAST REAL          | 1.  AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §12131 et seq.;

15  ESTATE HOLDINGS, L.P.; and DOES 1
    through 10,                             | 2.  CALIFORNIA'S UNRUH CIVIL RIGHTS ACT, CAL CIV. CODE §§ 51 - 52 et seq.;

16           Defendants.

17                                          | 3.  CALIFORNIA'S DISABLED PERSONS ACT, CAL CIV. CODE §54 et seq.

18

19                                          | 4.  CALIFORNIA'S UNFAIR COMPETITION ACT, CAL BUS & PROF CODE § 17200, et seq.

20

21                                          | 5.  NEGLIGENCE

22

23

24      Plaintiff JIN LEE ("Plaintiff") complains of Defendants CRYSTAL BAKERY

25  INC.; CAST REAL ESTATE HOLDINGS, L.P.; and DOES 1 through 10 ("Defendants")

26  and alleges as follows:

27

28

─────────────────────────────────────────────

                    COMPLAINT FOR DAMAGES - 1

**JURISDICTION AND VENUE**

1. The Court has jurisdiction of this action pursuant to 28 USC §1331 for violation of the Americans with Disabilities Act of 1990, (42 USC §12101, *et seq*.)

2. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operating facts, are also brought under California law, including, but not limited to, violations of California Civil Code §§51, 51.5, 52(a), 52.1, 54, 54., 54.3 and 55.

3. Venue is proper in this court pursuant to 28 USC §1391(b). The real property which is the subject of this action is located in this district, in Los Angeles, Los Angeles County, California, and that Plaintiff's causes of action arose in this district.

**PARTIES**

4. Plaintiff is a California resident with a physical disability with substantial limitations in her ability to walk. Plaintiff suffers from dyspnea, anemia, and diabetes. Plaintiff requires the use of a wheelchair at all times when traveling in public.

5. Defendants are, or were at the time of the incident, the real property owners, business operators, lessors and/or lessees of the real property for CRYSTAL BAKERY ("Business") located at or about 3976 S. Figueroa St., Los Angeles, California.

6. The true names and capacities, whether individual, corporate, associate or otherwise of Defendant DOES 1 through 10, and each of them, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint when the true names and capacities have been ascertained. Plaintiff is informed and believes and, based thereon, alleges that each such fictitiously named Defendants are responsible in some manner, and therefore, liable to Plaintiff for the acts herein alleged.

7. Plaintiff is informed and believes, and thereon alleges that, at all relevant times, each of the Defendants was the agent, employee, or alter-ego of each of the other Defendants, and/or was acting in concert with each of the other Defendants, and in doing

1   the things alleged herein was acting with the knowledge and consent of the other

2   Defendants and within the course and scope of such agency or employment relationship.

3         8.      Whenever and wherever reference is made in this Complaint to any act or

4   failure to act by a defendant or Defendants, such allegations and references shall also be

5   deemed to mean the acts and failures to act of each Defendant acting individually, jointly

6   and severally.

7   **FACTUAL ALLEGATIONS**

8         9.      On or about March 24, 2019, Plaintiff went to the Business.  On or about

9   May 15, 2019, Plaintiff returned to the Business.  The Business is a bakery store business

10  establishment, which is open to the public, is a place of public accommodation and

11  affects commerce through its operation.

12        10.     While attempting to enter the Business during each visit, Plaintiff personally

13  encountered a number of barriers that interfered with her ability to use and enjoy the

14  goods, services, privileges, and accommodations offered at the Business.  To the extent

15  of Plaintiff's personal knowledge, the barriers at the Business included, but were not

16  limited to, the following:

17              a.     Defendants failed to comply with the federal and state standards for

18                    the parking space designated for persons with disabilities.  Defendants

19                    failed to post required signage such as "Van Access."

20              b.     Defendant failed to maintain the parking space designated for persons

21                    with disabilities to comply with the federal and state standards.

22                    Defendants failed to properly paint the ground as required.

23              c.     Defendants failed to maintain the parking space designated for

24                    persons with disabilities to comply with the federal and state

25                    standards.  Defendants failed to install a wheel stop.

26        11.     These barriers and conditions denied Plaintiff the full and equal access to the

27  Business.  Plaintiff lives about 2 miles away from the Business.  Plaintiff wishes to

28  patronize the Business again as it is conveniently located for Plaintiff.  However, Plaintiff

1  is deterred from visiting the Business because her knowledge of these violations prevents

2  her from returning until the barriers are removed.

3      12.    Based on the violations, Plaintiff alleges, on information and belief, that

4  there are additional barriers to accessibility at the Business after further site inspection.

5  Plaintiff seeks to have all barriers related to her disability remedied.  *See Doran v. 7-*

6  *Eleven*, *Inc*. 524 F.3d 1034 (9th Cir. 2008).

7      13.    In addition, Plaintiff alleges, on information and belief, that Defendants

8  knew that particular barriers render the Business inaccessible, violate state and federal

9  law, and interfere with access for the physically disabled.

10     14.    At all relevant times, Defendants had and still have control and dominion

11  over the conditions at this location and had and still have the financial resources to

12  remove these barriers without much difficulty or expenses to make the Business

13  accessible to the physically disabled in compliance with ADDAG and Title 24

14  regulations.  Defendants have not removed such barriers and have not modified the

15  Business to conform to accessibility regulations.

16              **FIRST CAUSE OF ACTION**

17  **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

18     15.    Plaintiff incorporates by reference each of the allegations in all prior

19  paragraphs in this complaint.

20     16.    Under the Americans with Disabilities Act of 1990 ("ADA"), no individual

21  shall be discriminated against on the basis of disability in the full and equal enjoyment of

22  the goods, services, facilities, privileges, advantages, or accommodations of any place of

23  public accommodation by any person who owns, leases, or leases to, or operates a place

24  of public accommodation.  *See* 42 U.S.C. § 12182(a).

25     17.    Discrimination, *inter alia*, includes:

26          a.    A failure to make reasonable modification in policies, practices, or

27              procedures, when such modifications are necessary to afford such

28              goods, services, facilities, privileges, advantages, or accommodations

1     to individuals with disabilities, unless the entity can demonstrate that

2     making such modifications would fundamentally alter the nature of

3     such goods, services, facilities, privileges, advantages, or

4     accommodations.  42 U.S.C. § 12182(b)(2)(A)(ii).

5     b.   A failure to take such steps as may be necessary to ensure that no

6     individual with a disability is excluded, denied services, segregated or

7     otherwise treated differently than other individuals because of the

8     absence of auxiliary aids and services, unless the entity can

9     demonstrate that taking such steps would fundamentally alter the

10     nature of the good, service, facility, privilege, advantage, or

11     accommodation being offered or would result in an undue burden.  42

12     U.S.C. § 12182(b)(2)(A)(iii).

13     c.   A failure to remove architectural barriers, and communication barriers

14     that are structural in nature, in existing facilities, and transportation

15     barriers in existing vehicles and rail passenger cars used by an

16     establishment for transporting individuals (not including barriers that

17     can only be removed through the retrofitting of vehicles or rail

18     passenger cars by the installation of a hydraulic or other lift), where

19     such removal is readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).

20     d.   A failure to make alterations in such a manner that, to the maximum

21     extent feasible, the altered portions of the facility are readily

22     accessible to and usable by individuals with disabilities, including

23     individuals who use wheelchairs or to ensure that, to the maximum

24     extent feasible, the path of travel to the altered area and the

25     bathrooms, telephones, and drinking fountains serving the altered

26     area, are readily accessible to and usable by individuals with

27     disabilities where such alterations to the path or travel or the

28     bathrooms, telephones, and drinking fountains serving the altered

area are not disproportionate to the overall alterations in terms of cost and scope.  42 U.S.C. § 12183(a)(2).

18.     Where parking spaces are provided, accessible parking spaces shall be provided.  1991 ADA Standards § 4.1.2(5); 2010 ADA Standards § 208.  One in every eight accessible spaces, but not less than one, shall be served by an access aisle 96 in (2440 mm) wide minimum and shall be designated "van accessible."  1991 ADA Standards § 4.1.2(5)(b).  For every six or fraction of six parking spaces, at least one shall be van parking space.  2010 ADA Standards § 208.2.4.

19.     Under the ADA, the method and color of marking are to be addressed by State or local laws or regulations.  *See* 36 C.F.R., Part 1191.  Under the California Building Code ("CBC"), the parking space identification signs shall include the International Symbol of Accessibility.  Parking identification signs shall be reflectorized with a minimum area of 70 square inches.  Additional language or an additional sign below the International Symbol of Accessibility shall state "Minimum Fine $250."  A parking space identification sign shall be permanently posted immediately adjacent and visible from each parking space, shall be located with its centerline a maximum of 12 inches from the centerline of the parking space and may be posted on a wall at the interior end of the parking space.  *See* CBC § 11B-502.6, *et seq.*

20.     Moreover, an additional sign shall be posted either in a conspicuous place at each entrance to an off-street parking facility or immediately adjacent to on-site accessible parking and visible from each parking space.  The additional sign shall not be less than 17 inches wide by 22 inches high.  The additional sign shall clearly state in letters with a minimum height of 1 inch the following: "Unauthorized vehicles parked in designated accessible spaces not displaying distinguishing placards or special license plates issued for persons with disabilities will be towed always at the owner's expense…" *See* CBC § 11B-502.8, *et seq.*

21.     Here, Defendants failed to provide signs stating "Van Accessible."

1
2
3
4
5
6
7

22.     For the parking spaces, access aisles shall be marked with a blue painted borderline around their perimeter. The area within the blue borderlines shall be marked with hatched lines a maximum of 36 inches (914 mm) on center in a color contrasting with that of the aisle surface, preferably blue or white.  The words "NO PARKING" shall be painted on the surface within each access aisle in white letters a minimum of 12 inches (305 mm) in height and located to be visible from the adjacent vehicular way.  CBC § 11B-502.3.3.

8
9

23.      Here, Defendants failed to properly maintain the access aisles as "NO PARKING" painting had faded on the parking surface.

10
11
12
13
14
15
16
17

24.     When arranging disabled parking stalls, loading zone access to the accessible route should not force one who is disabled to travel behind any other vehicle other than their own. Wheel stops are required when the front end of the vehicle would encroach into the accessible route and reduce the path under 48". The entrance warning tow-away signs must provide specific wording and include a reclaim name or phone number installed on the sign.  *See* CBC § 11B-502.7.2.  At least one accessible route shall connect accessible building, facilities, elements, and spaces that are on the same site. 1991 ADA Standards § 4.3.2.

18
19

25.     Here, Defendants failed to install wheel stop and the front end of the vehicle would encroach into the accessible route.

20
21
22
23
24

26.     A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part.  28 C.F.R. 35.211(a).  By failing to maintain the facility to be readily accessible and usable by Plaintiff, Defendants are in violation of Plaintiff's rights under the ADA and its related regulations.

25
26
27

27.     The Business has denied and continues to deny full and equal access to Plaintiff and to other people with disabilities.  Plaintiff has been and will continue to be discriminated against due to the lack of accessible facilities, and therefore, seeks

28

injunctive relief to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

28.    Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

29.    California Civil Code § 51 states, "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

30.    California Civil Code § 52 states, "Whoever denies, aids or incites a denial, or make any discrimination or distinction contrary to Section 51, 515, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000) and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

31.    California Civil Code § 51(f) specifies, "a violation of the right of any individual under federal Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

32.    The actions and omissions of Defendants alleged herein constitute a denial of full and equal accommodation, advantages, facilities, privileges, or services by physically disabled persons within the meaning of California Civil Code §§ 51 and 52. Defendants have discriminated against Plaintiff in violation of California Civil Code §§ 51 and 52.

33.     The violations of the Unruh Civil Rights Act caused Plaintiff to experience difficulty, discomfort, or embarrassment.  The Defendants are also liable for statutory damages as specified in California Civil Code §55.56(a)-(c).

### THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA DISABLED PERSONS ACT

34.     Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

35.     California Civil Code § 54.1(a) states, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, loading places, places of public accommodations, amusement, or resort, and other places in which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

36.     California Civil Code § 54.3(a) states, "Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages, and any amount as may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ($1,000) and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 54, 54.1, and 54.2.

37.     California Civil Code § 54(d) specifies, "a violation of the right of an individual under Americans with Disabilities Act of 1990 (Public Law 101-336) also

constitute a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

38.    The actions and omissions of Defendants alleged herein constitute a denial of full and equal accommodation, advantages, and facilities by physically disabled persons within the meaning of California Civil Code § 54.  Defendants have discriminated against Plaintiff in violation of California Civil Code § 54.

39.    The violations of the California Disabled Persons Act caused Plaintiff to experience difficulty, discomfort, and embarrassment.  The Defendants are also liable for statutory damages as specified in California Civil Code §55.56(a)-(c).

## FOURTH CAUSE OF ACTION
## UNFAIR COMPETITION ACT

40.    Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

41.    Defendants have engaged in unfair competition, unfair or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising in violation of the Unfair Competition Act. Bus & Prof. Code §§ 17200 *et seq.*

42.    Defendants engage in business practices and policies that create systemic barriers to full and equal access for people with disability in violation of state and federal law.

43.    The actions and omissions of Defendants are unfair and injurious to Plaintiff, a consumer of the Business' goods and services.  As a result of Defendants' unfair business practice and policies, Plaintiff suffered injury in fact.  Plaintiff was not provided with goods and services provided to other consumers.  Plaintiff seeks relief necessary to prevent Defendants' continued unfair business practices and policies and restitution of any month that Defendants acquired by means of such unfair competition, including profits unfairly obtained.

## FIFTH CAUSE OF ACTION

### NEGLIGENCE

44.     Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

45.     Defendants have a general duty and a duty under the ADA, Unruh Civil Rights Act and California Disabled Persons Act to provide safe and accessible facilities to the Plaintiff.

46.     Defendants breached their duty of care by violating the provisions of ADA, Unruh Civil Rights Act and California Disabled Persons Act.

47.     As a direct and proximate result of Defendants' negligent conduct, Plaintiff has suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief and judgment against Defendants as follows:

1.     For preliminary and permanent injunction directing Defendants to comply with the Americans with Disability Act and the Unruh Civil Rights Act;

2.     Award of all appropriate damages, including but not limited to statutory damages, general damages and treble damages in amounts, according to proof;

3.     Award of all reasonable restitution for Defendants' unfair competition practices;

4.     Reasonable attorney's fees, litigation expenses, and costs of suit in this action;

5.     Prejudgment interest pursuant to California Civil Code § 3291; and

6.     Such other and further relief as the Court deems just and proper.

1

## **DEMAND FOR TRIAL BY JURY**

2      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby

3  demands a trial by jury on all issues so triable.

4

5  Dated:  July 1, 2010                    SO. CAL. EQUAL ACCESS GROUP

6

7

8                                         By:    _/s/ Jason Yoon_____
                                                 Jason Yoon, Esq.
9                                         Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28